JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Denise M. Marusco Godfrey and Byron J. Godfrey
310 10th Street
Upland, PA 19015.

**DEFENDANTS**
Upland Borough
224 Castle Ave,
Brookhaven, PA 19015.

*See attachment*

### (b) County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

### (c) Attorneys *(Firm Name, Address, and Telephone Number)*
J. Michael Considine, Jr.
J. Michael Considine, Jr., P.C.
1845 Walnut Street, Suite 1300
Philadelphia, PA 19103
215-564-4000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1331
Brief description of cause:
First Amendment retaliation Claim and pendant jurisdiction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $  In excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE  December 7, 2015
SIGNATURE OF ATTORNEY OF RECORD  *Michael Considine*

FOR OFFICE USE ONLY

## ATTACHMENT

2. Defendant Delaware County Regional Water Control Authority, 100 E 5th St, Chester, Delaware County, PA 19013

3.   Defendant   Catania Engineering Associates, Inc., 520 McDade Boulevard, Milmont Park, Delaware County, PA  19033.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *310 10th Street, Upland, PA 19015*

Address of Defendant: *228 Castle Avenue, Brookhaven, PA 19015*

Place of Accident, Incident or Transaction: *310 10th Street, Upland, PA 19015*
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) *First Amendment*

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, *J. Michael Considine Jr.*, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: *12/7/15*   _____   *37294 (PA)*
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *12/7/15*   _____   *37294*
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Denise M. Marusco Godfrey
and Byron J. Godfrey                                    CIVIL ACTION

v.

Upland Borough, et al                                   NO. 15 —

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (✗)

December 1, 2015    Michael Consed
**Date**            **Attorney-at-law**                        **Attorney for** Plaintffs

215-564-4000    215-545-2642                                  adventure7@gmail.
**Telephone**       **FAX Number**                                                 com
                                                              **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Denise M. Marusco Godfrey                    :    No.   15-cv-
        and
Byron J. Godfrey, h/w
              v.
Upland Borough,
Delaware County Regional
Water Control Authority and
Catania Engineering Associates, Inc.

## COMPLAINT
### PARTIES

1.      Plaintiffs, Denise M. Marusco Godfrey and Byron J. Godfrey,

husband and wife, are citizens and residents of Pennsylvania who at times

relevant to this matter, have resided at 310 1oth Street, Upland, Delaware

County, PA 19015.

2.      Defendant Upland Borough (hereinafter UB) is a municipality in

Delaware County, PA whose address is 224 Castle Ave, Brookhaven, PA

19015.

3.      Defendant Delaware County Regional Water Control Authority is a

government agency responsible for  water infrastructure in Delaware

County whose office is located at 100 E 5th St, Chester, PA 19013

4. Defendant   Catania Engineering Associates, Inc. is a business

incorporated in Pennsylvania Engineer whose address is located at 520

McDade Boulevard, Milmont Park, Delaware County, PA  19033.

### JURISDICTION AND VENUE

5. Jurisdiction is based on federal questions, a taking under the 5th Amendment, violations of the 1st Amendment and pendant jurisdiction.

6.     Venue is proper in the Eastern District as all the events relevant took place in   and all the parties reside within the Eastern District.

## FACTS

7.     In May 1990, Camillo J. Marusco, Jr. (hereinafter CJM) father of Plaintiff Denise M. Marusco Godfrey (hereinafter DMM) purchased premises (hereinafter "the premises") located at 310 10th Street, Upland, PA 19015, within Upland Borough. He put the title of the premises in the name of his other daughter, Deana L. Marusco (hereinafter DLM) and on August 17, 1990, she was granted the premises by recorded deed.

8.     CJM built a residence on the premises. A building permit was issued August 30, 1991 and a Certificate of Occupancy on October 25, 1991.

9.     On June 10, 1991 an easement, with a seal stating "Charles J. Catania", was signed with a signature purporting to be that of DLM. Catania, its  employee or agent, put his seal on the easement with the name Catania Engineering Associates, Inc., 520 West Mac Dade Boulevard, Milmont Park, PA 19033. The easement granted rights to install and use pipes and related water control infrastructure on the premises to Defendant Delaware County Regional Water Control Authority (hereinafter DELCORA"). See attached exhibit.

10.    DLM did not sign the easement, never authorized anyone to sign it on her behalf and neither she nor Plaintiffs knew it was signed on the date it was signed or when it was recorded on November 2, 1992. DLM told DMM she did not sign it in a text message on December 5, 2013. DLM also told Plaintiffs she did not sign the easement.

11.    Defendant DELCORA through its agent Defendant Catania Engineering Associates, Inc. or some other person on their behalf forged the signature of DLM on the easement and never sent DLM or Plaintiffs notice the easement had been signed or recorded. The identity of the notary who notarized the signature cannot be determined from the document, which does not have the normal notary seal. Plaintiffs are unable to determine the identity of the alleged notary. When DMM called Catania's office to ask who the notary was, an employee told her "we had no notary at the time." The notary seal does not state the notary's name or the date their commission expires.

12.    On December 5, 2013, Plaintiffs first discovered the easement, which purported to give Defendant DELCORA the authority to build pipes and structures on Plaintiff's property within the easement that have contributed to the increased water pressure leading to stormwater and sanitary water problems on the premises..

13.    DMM has lived on the premises continually since the house was built there alone, until she married. Her husband Plaintiff Byron J. Godfrey (BJG) and she have lived there together since November 2010.

14.   In August 2013, the premises was transferred by DLM to Plaintiffs..

15.   In April 1, 2004 or 2005, DMM saw water in the basement bathtub, and on    the floor and in the heating room of her basement

16.   The house on the premises was built with a floating floor and French Drain but no sump pump.

17.   During the period 2005-2010, DMM did not use the bathtub or toilet in the basement and put plugs in the drains for both.

18.   In 2004 or 2005, Mr. Mayo, the plumber for Defendant Upland Borough, came to the premises and took out five  5-gallons buckets of stone  from the clean-out valve under the basement floor.

19.   The valve was installed to prevent municipal sewer water from entering into the house.

20.   While he was doing so, he broke off the hinge to the valve in such a way that municipal sewage water was no longer prevented from coming, or more frequently and in greater volume came, into the premises.

21.   In July 2010 the road in front of the premises was damaged due to water pressure caused by underground infrastructure installed by Defendant DECORA as well as heavy rain.

22.   Due to Defendant DELCORA's' and/or Defendant Upland Borough's construction of  storm water and sewage water systems,  a watershed of 30 acres empties into a 3 acre area and put extremely high water pressure on the premises.

23.     On August 14, 2011, water gushed like a fountain from manholes in the street in front of the premises. DMM spoke to an Upland Borough employee named Chuck, whose last name is not known, about the problem.

24.   In July 2010 Plaintiffs installed a sump pump on the premises.

25.   In June 2013 there was brown muddy water in the bathroom and laundry room causing Plaintiffs to remove over 12 shop vacs worth of water. The water was both storm water and sewage water. Defendant Kennedy told DMM the water was tested and had high level of ammonia. In that month DMM spoke to Alex of DELCORA of the problems and he said DELCORA would have its pipes (both within Plaintiffs' property and outside Plaintiff's' property) lined. On June 7, 2013 DMM spoke to Charles Catania who told her to call DELCORA, and to Edward Mitchell, Upland Borough Council President about the problem. Thomas Kennedy was in Plaintiff's basement that day and called Parker Ferguson, Upland Borough's Building Inspector, and told him to call the Superintendant of Upland Chester Community Charter School, 1100 Main Street, Upland, to control the waters coming down Main Street.

26.   In July 2013, Defendants through its agents lined sewer lines at, near and above-stream from the premises, raising the water table on and water pressure against the premises at times of heavy rain.

27.   On June 20, 2013 Defendant Upland Borough sent a letter to DMM stating there was a crack, or two cracks, in the sewer line lateral

on the premises and requiring her to obtain a certification that the sewer line on the premises is in proper working condition.

28.   Plaintiffs consulted with at least 6 experts, all of whom said the pipe was fine, there was no crack or leak from it and that they could not fix the problem with water backup or water pressure from the storm sewer and sanitary sewer. Each said they could not provide such a certificate because the problem was not with Plaintiff's system but with the infrastructure created by defendants Upland Borough and DELCORA. Each said the problem was backup pressure from water from the municipal storm and sanitary sewer systems.

29.   Plaintiffs asked the experts to state in writing that the problem was with the systems created by UB and DELCORA, but, as they regularly did business in Upland Borough and in Delaware County, they would not, nor would any provide the certificate requested. After a reasonable effort over a substantial period of time, Plaintiffs were unable to provide such a certificate, although they provided a NASSCO report.

30.   Although every expert they consulted, who examined the area of the alleged crack told Plaintiffs there was no such crack they could see after extensive examination with cameras, Thomas Kennedy  Plumbing Inspector  for Upland Borough, and agent for Upland Borough, maintained the problem was caused by such a crack.

31.   On or about June 27, 2013 a plumber from Pipeline Drain Cleaning inspected the area of the alleged crack which was in the lateral and took videos and gave them to Defendant Kennedy.

32.   Plaintiffs requested the pictures  from said plumber and Thomas Kennedy; both refused to provide Plaintiffs with any pictures despite repeated requests.

33.   Despite no evidence that there was any structural or other problem on Plaintiff's premises, Defendant UB brought charges on or about October 21,  2013 having to do with a Certificate of Occupancy and Lateral Inspection against DMM. The Upland Borough Ordinance, adopted January 10, 2012,  requires the owner to obtain a Certificate of Lateral prior to sale, §150-3(B), testing upon sale , §150-9, and after inspection, for the Borough Engineer to issue a Certificate of Lateral Compliance once testing has proven compliance. §150-12. DMM was not required to comply because no sale was pending, she was a grantee, and did not seek to sell the premises with her husband after they bought it. Despite compliance, the Borough Engineer refused to issue a Certificate of Lateral Compliance. The statute, Upland Borough Ordinance, §150-1 though 21, applies to grantors only and not to grantees. DMM has only been a grantee, on June 20, 2012.

34.   Defendants refused to provide the photographs or any other physical or testimonial evidence in support of these charges despite requests from DMM.

35.    After 4 or 5 continuances, with no testimony ever given, on October 29, 2014 DMM was found not guilty of all charges.

36.    Plaintiffs repeatedly spoke up in public and sent letters complaining of the situation with her premises described above to Defendants during the period 2010-present.

37.    On October 1, 2011, Plaintiff Byron J. Godfrey (BJG) complained about the water problem at an Upland Borough Council special meeting regarding a new ordinance regarding sewers. He was removed from the podium after speaking for 3-4 minutes while he was showing a sewer map of the Borough.

38.    During the period 2004-October 2013, Plaintiff DMM called or spoke to employees of DELCORA, including Joseph Centrone, and Upland Borough, including Borough Manager Shirley Purcival, Building Inspector Parker Ferguson, Mayo and Thomas Kennedy (oral communications, phone calls and text messages including one on August 13, 2013 stating in essence no water could flow out of her lateral because of the water pressure from the pipes below, after which DELCORA trucks arrived at the scene), about the problem with water on her premises, the water gushing from a manhole in the street in front of her premises and what Defendants would do about it.

39.    In two conversations with Thomas Kennedy, he threatened to call police in response to the complaints by DMM about the water problems.

40.   On September 11, 2014, Thomas Kennedy brought a female Upland Borough police officer into the house on the premises while DMM was present.

41.   Before the charges against DMM were dismissed and she was found not guilty, Thomas Kennedy demanded that she tell him  the name of any expert who took pictures of the lateral line on September 11, 2014. DMM told him when he would be there and Thomas Kennedy then appeared in her house that day with the female police officer.

42.   On three occasions Thomas Kennedy came to the premises  while Plaintiffs' experts were examining the area of the lateral.

43.   On September 13, 2013, Thomas Kennedy showed DMM what was alleged to be a videotape or photograph of the lateral on his cell phone but refused to give her a copy after repeated requests or let her watch the videotape or see any photograph. In April, 2014, he admitted a video DELCORA took on the premises was inconclusive.

44.   Charges  filed by Defendant UB against DLM on October 21, 2013 for Lateral Inspection were dismissed December 4, 2013.

45.   On November 1, 2013, counsel for UB stated that Thomas Kennedy alleged that Plaintiffs' lateral was broken in 2 places and was continuously dumping sewage into the ground. Despite the repeated requests of Plaintiff, no proof of these allegations was ever provided.

46.    On November 5, 2013, Plaintiff BJG delivered a letter to Defendant UB asking how Plaintiffs should get the storm sewer upgraded. There has been no response.

47.    On December 11, 2013, DMM filed a written complaint regarding the forged easement with the Chester and Upland Borough Police Departments. No action has been taken by either as a result.

48.    On December 20, 2013, DMM wrote Thomas Kennedy a letter complaining about the forged easement. It was returned unclaimed.

49.    On April 30, 2014, the manholes in the street in front of the premises were spewing storm water and sewage water like a fountain, and on May 1, 2014 the basement of the premises was completely covered with 2-3" of water.

50.    In November 2013 Thomas Kennedy told Plaintiffs he would have the premises condemned.

51.    DMM has put plugs in the lateral and in the toilet and bathtub to block storm sewer and raw sewage water from coming up through the pipes into her basement as it has many times since 2004.

52.    Experts Plaintiffs consulted said nothing could be done on the premises to keep storm and sewage water from entering their basement and that the proper remedy was to install a pumping station and make structural changes to the systems outside the premises, which Plaintiffs cannot do.

53.   On June 30, 2015, 3 manholes in the street and sidewalk out in front of the premises spewed sewer water like a fountain. DELCORA"s pipe was cracked and fissured until July 2013 when it was lined and as a result 3 manholes spewed water when prior to that only 2 manholes spewed water.

54.   Plaintiffs no longer use the bathtub or toilet in the basement since to do so increases the risk the valve will open beneath them allowing sewer and storm water to reenter the premises,

55.   On June 1, 2015 Plaintiffs obtained appraisals to determine the value of the premises under two circumstances: 1) "as is" with the problems described above and 2) if it had no such problem. The appraisal indicated the value of the premises "as is" is zero since disclosing the history outlined above is required if the house is to be sold and no reasonable buyer will buy the premises. Without the problem, the value is $157,000.

56.   Plaintiffs have spent over $60,000 for plumbing and engineering experts and legal fees in an effort to resolve the problem.

57.   No expert told Plaintiffs they can fix the sewage water problem. The NASSCO report stated there was no defect in Plaintiff's lateral line, according to TLC Drain employee Richard Melle.

58.   On November 13, 2014, Thomas Kennedy put an orange sign on the premises stating "This Building Cannot Be occupied As It Is  and Is Considered Not Fit for Occupancy Until Conditions Were rectified..

Needs Lateral Inspection and CgO.Borough of Upland." Defendants have never ordered that the sign be removed or taken down or that the order on the sign is no longer in effect. The sign is a condemnation of the premises. At the time many lateral inspections had been done and one more was not needed.

59.    On February 11, 2014 Robert A. Powell of DELCORA wrote Plaintiffs a letter stating DELCORA did not have a deed easement regarding the premises, despite the filed easement in its name.

60.    At a February 10, 2015 meeting of the Upland Borough Council, the Upland Borough Council condemned the premises and it was revealed for the first time that Defendant UB was told by its engineer not to build on the premises before any house was built there. No UB employee ever informed CJM, Plaintiffs or DLM of this before the house was built or transferred to Plaintiffs.

61.    The premises, being condemned, are unable to be resided in without the storm and sewage water problem causing a significant health risk to inhabitants, and no repairs to the premises can be done, despite repeated efforts by Plaintiffs to remedy the problems.

62.    On May 14, 2015, counsel for Defendant UB wrote Plaintiffs and stated UB will no longer enforce the ordinance against them.

63.    In September 2013 construction was completed on a charter school at 11th and Main Street, Upland Borough, Upland, PA, upstream from and discharging groundwater onto Plaintiff's premises. Since it was

constructed the problems with groundwater on Plaintiffs' premises have significantly increased.

64.   On November 12, 2014, Plaintiff BJG received a message on his answering machine from John Sucher stating "his guy" from DELCORA said they should get their lateral fixed "or they would be in deeper shit" than they were already in.

65.   On or about May 2014, DMM attended a Upland Borough Council meeting and asked Catania, who was both a council member and worked through his company for DELCORA, how Plaintiffs were to rectify the problem. He kicked the chair of the President of City Council Edward Mitchell and the meeting was adjourned.

66.   On October 31, 2014, DELCORA employee Joseph Centrone left a phone message to Plaintiffs saying he would fix "their saddle" (the end of the lateral that goes into the main sewer pipe). On October 13, 2015 he came to the premises and said DELCORA would pay to have Plaintiffs' saddle fixed. No expert told Plaintiffs that their saddle needed to be repaired and the video of the saddle was according to Thomas Kennedy "inconclusive."

67.   On or about September 11, 2015, Plaintiffs received a letter from their insurer, Safeco Insurance, stating "we were recently informed that your dwelling has an improper sewer system. In order for us to continue your policy, please forward proof of repairs by 11/11/2015. You will need to provide repair receipts and photos indicating all issues

that have been repaired. Failure to provide evidence of repairs will constitute a substantial increase in hazard insured against by reason of willful or negligent acts by you and will result in the non-renewal of your policy."

COUNT 1:  RETALIATION FOR EXPRESSION OF IDEAS

68.    The averments of paragraphs 1-67 are incorporated by reference.

69. Upland Borough filed the citation without probable cause, refusing after repeated requests to provide evidence of the photographs or videotapes of the alleged crack in Plaintiffs' pipes or any defect on the premises that caused the problems stated above.

70.The citation was  filed in retaliation for Plaintiffs' complaining repeatedly about the storm sewer and sanitary sewage problems on the premises, for speech by Plaintiff BLG at the public meeting on October 1, 2011 and other occasions to neighbors, other individuals and at UB meetings, complaining about the forged easement document and the lack of any evidence of a cause to the problems which was located on Plaintiffs' property,  and to intimidate them from not investigating further into the cause or educating neighbors with similar problems as to the cause of flooding onto their premises..

71. In June or July 2013 Plaintiffs had plumbers record videotapes of their lateral pipes which showed there were no defects.These were given to Thomas Kennedy. On June 13, 2013, Thomas Kennedy left a voice mail stating they showed a substantial crack.

to Thomas Kennedy. On June 13, 2013, Thomas Kennedy left a voice mail stating they showed a substantial crack.

72. On May 13, 2014 at an Upland Borough meeting DMM stated that she repeatedly saw the manhole in front of her property spewing water like a fountain, that Plaintiffs had a taped recording indicating her lateral was "fine," that there water "stunk" and claimed that the only time she got water in her house was when it came in through the municipal sewer lines.

73. Defendants' chilled speech protected under the First Amendment

74. Plaintiffs were engaged in constitutionally-protected activity.

75. The actions of Defendants caused Plaintiff DMM to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the activity of complaining in public about the water problems and doing investigation as to their cause.

76. Defendant Upland Borough issued or conspired together to cause to be issued a citation without probable cause or sufficient investigation to determine if a crime had been committed, substantially motivated as a response to Plaintiffs' exercise of constitutionally-protected conduct.

WHEREFORE, Plaintiff  Denise M. Marusco Godfrey respectfully requests that the court enter judgment in their favor and against Defendant Upland Borough  in an amount in excess of $75,000., plus costs and attorney's fees.

COUNT 2: FRAUD

77. The averments of paragraphs 1-76 are incorporated by reference.

78. The easement referred to in paragraph 11 was not what it purported to be because it purported to be signed by someone, DLM, who did not actually sign it.

79. The easement contains misrepresentations.

80. Defendants' misrepresentations are material to the transactions and problems stated above.

81. The statements in the easement that it was signed by the purported owner of the premises, by DELCORA representatives that there was no easement, by its employee Centrone DELCORA would fix "their saddle" (which infers it needed repair when the cause of the problem was known by DELCORA employees, who knew the saddle did not need repair and this would not significantly eliminate the water problems on the premises, to be outside of the premises) and repeated averments by Upland Borough employees including Thomas Kennedy about cracks or defects in Plaintiffs' lateral or other causes of the water problem on the premises being based on a defect caused by Plaintiffs or contained within Plaintiffs' premises were made falsely with knowledge of their falsity or recklessness as to whether they were true or false.

82. They were made with the intent of misleading Plaintiffs and other persons to rely on them.

83. There was justifiable reliance on the misrepresentation.

84. The resulting injury was proximately caused by the reliance.

85. Defendants DELCORA and Catania Engineering Associates, Inc. conspired to obtain an easement by misrepresentation.

86. Defendants DELCORA and Upland Borough, through Thomas Kennedy and other employees, conspired together to misrepresent the cause of the problems on Plaintiffs' premises to make it appear there was a defect on the premises caused by Plaintiffs or contained within Plaintiffs' premises knowing the cause was increased water pressure and mixing of water from the storm sewer and sanitary sewer outside of the premises or caused by the pipes installed in the easement by DELCORA or some other cause not having to do with Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the court enter judgment in their favor and against Defendants DELCORA, Upland Borough  and  Catania Engineering Associates, Inc., jointly and severally, in an amount in excess of $75,000., plus costs & attorney's fees.

## COUNT 3: MALICIOUS PROSECUTION

87. The averments of paragraphs 1-67 are incorporated by reference.

88. Defendants Upland Borough filed the charge of Certificate of Occupancy and Lateral Inspection against DMM. The Upland Borough Ordinance, adopted January 10, 2012,  requires the owner to obtain a Certificate of Lateral prior to sale, §150-3(B), testing upon sale , §150-9, and after inspection, for the Borough Engineer to issue a Certificate of Lateral Compliance once testing has proven compliance. §150-12. DMM

was not required to comply because no sale was pending, she was a grantee, and did not seek to sell the premises with her husband after they bought it. Despite compliance, the Borough Engineer refused to issue a Certificate of Lateral Compliance. The Ordinance applies to grantors only and not to grantees. DMM has only been a grantee, on June 20, 2012.  . Defendant knew this but filed the charges anyway.

89. The proceedings terminated in Plaintiff DMM's favor. The charges were dismissed.

90. There was no probable cause for the filing of the charges.

WHEREFORE, Plaintiff Denise M. Marusco Godfrey respectfully requests that the court enter judgment in her favor and against Defendant Upland Borough in an amount in excess of $75,000., + costs and attorney's fees.

Date: December 7, 2015

J. Michael Considine, Jr.
J. Michael Considine, Jr., P.C.
1845 Walnut  Street, Suite 1300
Philadelphia, PA.  19103
(215)564-4000
PA Attorney ID No. 37294
Counsel for Plaintiffs

KNOW ALL MEN BY THESE PRESENTS, that Deanna Marusco, owner of 310 Tenth Street, Upland Borough, County of Delaware, Commonwealth of Pennsylvania (hereinafter called "Grantor") for and in consideration of the sum of $1.00 and other valuable considerations, receipt of which is hereby acknowledged, paid to Grantor by Delcora, Municipal Authority organized under the laws of the Commonwealth of Pennsylvania (hereinafter called "Grantee"), and intending to be legally bound hereby, does hereby grant, bargain, see and convey unto the said Delcora, its successors and assigns, a perpetual right-of-way and easement across the Grantor's property, as shown in a plan prepared by Catania Engineering Associates, Inc., dated May 20, 1991, said plan is attached hereto and made a part hereof and marked Exhibit "A", for the purposes hereinafter specified:

The right-of-way hereby granted consists of a twenty foot wide permanent right-of-way for a sanitary sewer across the Grantor's property in Upland Borough. The legal description of the permanent right-of-way is set forth on the attached sheet which is made a part hereof and marked Exhibit "B".

Grantor's said property is situate in Upland Borough, County of Delaware, and is more particularly described in their deed covering the same, which is recorded at Media,

Pennsylvania in the Office for the Recording of Deeds in Deed Book No. 785, Page No. 359.

The right-of-way and easement is granted to Delcora, its successors and assigns, for the purpose of laying, relaying, installing, operating, inspecting, maintaining, repairing, altering, removing, renewing and replacing its sanitary sewer, appurtenances and appliances, to be used in removing sanitary sewage; with the right and privilege of entering and re-entering on the said right-of-way and easement, of making such excavations, fills and levels as may be required, and of laying other sanitary sewer pipes, appurtenances and appliances as it may from time to time deem necessary.

The Grantor does hereby covenant and agree that she will not adversely alter or modify, or cause or permit to be altered or modified, the surface, grade, level or depth of the ground in the right-of-way through, over, under or above which the Authority's said sewer line is or may be placed by filling, flooding, dumping or in any other way interfering with the free access by the Authority thereto, and further, that she will not build, construct or erect, or cause or permit to be built, constructed or erected, any structure whatsoever on, in or above the right-of-way hereby occupied without first having obtained the written consent of the Grantee herein.

RESERVING TO OWNER the rights to use and enjoy the surface of said land, subject only to the right granted herein, and Grantee covenants to replace and restore the land to approximately the same grades as existed prior to the exercise of any said rights, unless both the GRANTOR AND GRANTEE shall otherwise, agree, shall also restore the land with similar surfacing of gravel or macadam or concrete, as the case may be, and in all other cases with ground, top soil or grass, as appropriate.

The Grantor does further expressly convenant and agree that the Grantee, its successors and assigns may enter upon the right-of-way conveyed herein at any time for the purpose of inspecting, maintaining, replacing, relocating and/or removing its sewer pipe.

To have and to hold such right-of-way and easement for the purposes aforesaid unto the said Authority, its successors and assigns forever.

WITNESS our hand and seal this ____ day of _____ , 1991.

Signed, Sealed and Delivered
  in the presence of

_____      _____
         Witness                           (SEAL)

COMMONWEALTH OF PENNSYLVANIA
                                ss:
COUNTY OF DELAWARE

I hereby certify that on this ____ day of _____ 1991, before me, the subscriber, a Notary Public, personally appeared Deanna Marusco, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

_____
                                  Notary Public

# *Catania Engineering Associates, Inc.*

================= *Consulting*

520 W. MacDADE BOULEVARD          MILMONT PARK, PENNSYLVANIA 19033          REGISTERED PROFES...
PHONE  (215) 532-2884                              FAX:  (215) 532-2923          AND LAND S...

Legal Description                                    May 22, 1991
Sanitary Sewer Easement (20' wide)                   File #8041.9-CPD
Tenth Street, Upland Borough
Deanna Marusco to Delcora

---

ALL THAT CERTAIN twenty foot wide sanitary sewer easement thereto
situate in the Borough of Upland, County of Delaware, Commonwealth
of Pennsylvania, the centerline of which being bounded and describe
according to an easement plan thereof dated May 20, 1991 prepared
by Catania Engineering Associates, Inc., Consulting Engineers,
520 W. MacDade Boulevard, Milmont Park, PA, as follows to wit:

BEGINNING at an interior point, said point being located the
following two (2) courses and distances from the northeasterly
corner of Tenth Street (40 feet wide) and Church Street (40
feet wide); (1) N 61°00'00" W 156.70 feet; (2) N 13°02'54" E
15.64 feet; THENCE (1) N 60°37' E 75.7 feet to a point; THENCE
(2) S 61°00' E 11.1 feet to a point; THENCE (3) S 27°01' W 79.4
feet to a point.

CONTAINING 3,218 square feet of land more or less.

BEING the centerline of a twenty foot (20') wide sanitary sewer
easement.

P.o. Folio   47-00-00? 8-00

**EXHIBIT "B"**



AREA = 3,218 S.F.

EASEMENT PLAN
FOR
DEANNA MARUSCO



CATANIA ENGINEERING ASSOCIATES, INC.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE
BUREAU OF INDIVIDUAL TAXES
POST OFFICE BOX 89 0
HARRISBURG PA 17105 8910

# REALTY TRANSFER TAX
# STATEMENT OF VALUE

**See Reverse for Instructions**

Book Number

Page Number

Date Recorded **NOV 1 2 1991**

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on: (1) family relationship or (2) public utility easement. If more space is needed, attach additional sheet(s)

## A    CORRESPONDENT - All inquiries may be directed to the following person:

Name                                                                                           Telephone Number

Jerome H. Rosset, Esquire                                              Area Code (215 ) 891-7800

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 1400 N. Providence Rd. Box 1210 | Media | PA | 19063 |

## B    TRANSFER DATA

Date of Acceptance of Document  6/10/91

Grantor(s)/Lessor(s)                                              Grantee(s)/Lessee(s)  Delaware County Regional
Deanna Marusco                                                    Water Quality Control Authority

Street Address                                                    Street Address
310 Tenth Street                                                  100 East Fifth Street

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Upland | PA | 19013 | Chester | PA | 19016 |

## C    PROPERTY LOCATION

Street Address                                                   City, Township, Borough
310 Tenth Street                                                Upland Borough

| County | School District | Tax Parcel Number |
|---|---|---|
| Delaware | Chester - Upland | Po. 47-00-00948-00 |

## D    VALUATION DATA

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 1. - | + | = |
| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Fair Market Value |
|  | × | = |

## E    EXEMPTION DATA

| 1a. Amount of Exemption Claimed | 1b. Percentage of Interest Conveyed |
|---|---|
| 100% | Easement |

2  Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____
                                          (Name of Decedent)                                    (Estate File Number)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement').

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____

☐ Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation.
   (Attach copy of resolution)

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____, Page Number _____

☐ Corrective deed (Attach copy of the prior deed).

☐ Statutory corporate consolidation, merger or division (Attach copy of articles).

☐ Other (Please explain exemption claimed, if other than listed above.  Public Utility Easement - Right
   of Way for Sewer Authority Sanitary Sewer

Under penalties of law, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

Signature of Correspondent or Responsible Party                                   Date

Jerome H Rosset                                                                    7/1/.