IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Denise Marusco Godfrey :  Civil Action
  and Byron Godfrey
    v. : No. 15-6477

Upland Borough, et al

PARTIALLY UNOPPOSED MOTION TO AMEND CLEAN WATER ACT PORTION OF REPLY TO RESPONSE OF DELAWARE COUNTY REGIONAL WATER QUALITY CONTROL AUTHORITY (DELCORA) TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

  Plaintiffs seek to amend their reply to state:

The Collection System does not include the "Eastern Service Area." Consent Decree, page 5. Plaintiffs' premises are not within the Eastern Service Area. The undersigned was informed by his client that her premises were within the Eastern Service area. She was mistaken. Upland is within the Western Service area. Consent Decree, Appendix A, page 1. Still their valid Clean Water Act citizen suit cannot be dismissed at the pleading stage. [1]

---

[1] DELCORA alleges the Consent Decree objectives are elimination of Sanitary Sewer Overflows-- "an overflow, spill, diversion, or release of wastewater from or caused by the Sanitary Sewer System, including discharges to waters of the Commonwealth of Pennsylvania…or…public or private property, a building or onto private property caused by blockage(s), flow condition(s) or Collection System malfunction(s). A wastewater backup or release that is caused solely by conditions in a Private Lateral is not a Building/Private Property Backup for the purposes of this Consent Decree. *Consent Decree page 5*. Counsel for the Department of Justice stated that the consent decree does not address backups into private homes and the violations affecting Plaintiffs are outside out the scope of the government's investigation (¶¶180-181). DELCORA states one of the objectives of the Consent Decree is to eliminate Sanitary Sewer Overflows into private or public buildings…such as Plaintiffs' home." The September 14, 2016 opinion states at page 7 "Because Plaintiffs do not allege that the violations alleged fall outside the scope of the government's investigation, the consent decree precludes Plaintiffs' claim. Accordingly, amendment to add such a claim would be futile absent additional allegations showing why the consent decree was not the result of a diligent prosecution or…does not address the harm alleged by Plaintiffs.
  ¶¶180-181 state facts from one who knows the scope of the consent decree, the counsel for the EPA who negotiated it, who said the consent decree does not address landowners' backup into their homes. It does not state specifically that it covers that issue, only "private property, a building or onto private property that is caused by blockage(s), flow condition(s) or Collection System malfunction(s)." A blockage or flow condition may not be the cause of their problems.

Therefore they are not within the ambit of the consent decree. There may not be a blockage, flow conditions or collections system malfunction that caused the problem Plaintiffs face. It is unclear whether increased pressure on the storm sewer caused by upstream development, leaks in the storm water or sewer water systems causing commingling or water pressure caused by increased development upstream, all plausible causes, are within the ambit of the consent decree.

   DELCORA and Upland have claimed that the problem is caused by Plaintiff's lateral which is specifically exempted from coverage under the consent decree. ¶¶34, 37-39. There are issues of fact as to the cause.

   EPA counsel said they never investigated Plaintiffs' claims. Prosecution as to the harm Plaintiffs are suffering and its causes was not diligent. The allegations show the consent decree did not cover the harms Plaintiffs have suffered. Only when discovery is complete will the parties know if it the decree will solve Plaintiffs' problem. It is not clear it will.

    Even if it does, the consent decree allows 42 months for the development of a plan and 20 years to implement it. "Control Measures must be Placed in Operation…in no event later than twenty (20) years after…the Consent Decree." Consent Decree, pages 10 & 24. This traps Plaintiffs in an effluent-spill house for 20 years, not real relief for them. They cannot sell their house for up to 20 years. Nothing has been done to fix their problem. CWA claims by citizens may be brought where the authority has done nothing to terminate an ongoing violation. Hamker v. Diamond Shamrock Chemical Company, 756 F. 2nd 392 (5th Cir. 1985).The consent decree does not limit the rights of third parties. Consent Decree, pages 44-45.

  A citizen suit may be filed for continuous, sporadic, intermittent or occasional violations and will not be dismissed for a lack of standing if there are sufficient allegations of a distinct and palpable injury.[1]Gwaltney v. Chesapeake Bay Foundation, 484 U.S. 49, 62-65 (1987); Warth v. Seldin, 422 U.S. 490, 501 (1975). In U.S. v. Olin Corporation, 606 F. Supp. 1301, 1308-1310 (N.D. Ala. 1985), the citizen was seeking the same relief that was requested and attained by AL and the U.S. in earlier litigation so res judicata applied. Unlike that case, 1) Plaintiffs here are only seeking relief that will keep effluent and storm water from entering **their** premises, not the much broader relief stated in the consent decree. It has not been determined that the consent decree has or will obtain this result. 2) There is no showing Plaintiff's application for injunctive relief would result in delay in the implementation of any remedial order or that their interests were adequately represented in the earlier litigation. 3) It is not clear the consent decree will remedy Plaintiffs' problems: EPA counsel said it would not.. In U.S. v. City of Green Forest, Ark., 921 F. 2nd 1394 (8th Cir. 1990), the court denied citizen intervention in an EPA suit as that the consent decree precluded the citizens from pursuing their CWA claim but the court erred in denying the right to intervene. The citizens had the right to and filed objections to the consent decree. Their action predated the EPA action. The citizens could seek their fees., id., 1402.  The same relief was sought in both actions. The citizen filing suit were no more aggrieved than the citizens precluded from filing an action in the first instance because of pending agency action. Id, 1404. Citizens were permitted to prosecute their claims. Id., 1405. There was a reasonable likelihood of recurrence. Id, 1406. None of these facts are established here, or even likely except recurring problems. In Atlantic States Legal Foundation v. Koch Refining Co., 681 F. Supp. 609 (D. Minn. 1988), the citizen suit was filed first. The EPA filed 3 months later. The court found later filing by the government would not bar the citizen action because of the basic difference in the scope and objectives of the 2 suits. If the court found the agency action was inadequate, it would have jurisdiction to consider the citizen action notwithstanding any pending agency action. S. Rep. No. 414, 92nd Cong., 2nd Sess, reprinted in 1972U.S. Code Cong. & Admin. News pp. 3668, 3745-3746. The motion to dismiss the agency action was denied. Id., 613-614. In Sierra Club v. Coca Cola Corp., 673 F. Supp. 1555 (M.D. Fla. 1987), the EPA filed suit after the citizen suit. The cases were consolidated. A consent decree cannot affect the rights of the non-consenting litigant. Fealty to this principal precludes dismissal of the citizen suit. Id., 1557. Without knowing the consent decree will result in the elimination of Plaintiffs' problems, since the claims for relief are not the same—Plaintiffs' suit is limited to relief for their own premises, and they never participated in the consent decree

WHEREFORE, Plaintiffs request that the motion be granted.

Date: January 11, 2017          s/ J. Michael Considine, Jr.
                                J. Michael Considine, Jr., P.C.
                                 1845 Walnut Street, Suite 1300
                                 Philadelphia, PA 19103
                                 (215) 564-4000

## Certificate of Concurrence

   Counsel for Upland Borough does not oppose the motion. Counsel for Catania Engineering Associates, Inc.,  does not take a position whether to oppose it or not. Counsel for DELCORA does not oppose the motion itself but will oppose any additional part of the motion such as the contents of the footnote. I have attempted to obtain concurrence without success.
  Date: January 11, 2017    s/ J. Michael Considine, Jr.


## CERTIFICATE OF SERVICE

 I, J. Michael Considine, Jr. hereby certify that I filed electronically the MOTION TO AMEND CLEAN WATER ACT PORTION OF REPLY TO RESPONSE OF DELAWARE COUNTY REGIONAL WATER QUALITY CONTROL AUTHORITY (DELCORA) TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT and in so doing transmitted it to the following counsel of record on the date indicated below: Kelly Hayes, McNichol, Byrne & Matlawski, P.C., 1223 North Providence Road, Media, PA 19063, Robert P. Di Domenicis, Holston and Associates 1 South Olive Street, Media, PA 19063 and Richard J. Davies and Cory Taylor,  Powell Trachtman Logan Carrle and Lombardo, P.C., 475 Allendale Road, Suite 200, King of Prussia, PA 19406.

Date: January 11, 2017            s/J. Michael Considine, Jr.
                                  J. Michael Considine, Jr.

---

action, Atlantic States Legal Foundation  and Sierra Club, support granting of the motion for leave at the pleading stage where facts as to what will happen in the future are unknown. Neither U.S. v. Olin Corporation or U.S. v.City of Green Forest, Ark. support its denial. Letting the complaint go forward is the only realistic way to solve the problems Plaintiffs face.

3